UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **LISA ANN BEALS, on behalf of herself and others similarly situated**,<br><br>Plaintiff,<br><br>v.<br><br>**FRANCISCAN VNS HOME CARE, INC.**,<br><br>Defendant. | Class Action Complaint<br><br>Cause No.<br><br>FLSA Collective Action Complaint Under 29 U.S.C. § 216(b) |

**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT AND INDIANA LAW**

Plaintiff Lisa Ann Beals ("Named Plaintiff" or "Plaintiff Beals"), individually and on behalf of others similarly situated, files her Complaint against Franciscan VNS Home Care, Inc. (referred to as "Franciscan" or "Defendant") for Defendant's failure to pay employees' overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Indiana Wage Payment Act, I.C.22-2-5-1 ("the Indiana Wage Payment Act").

The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Indiana Wage Payment Act claims are brought as a class action pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I. JURISDICTION AND VENUE**

**THE LAW OFFICE OF
ROBERT J. HUNT, LLC**
1905 South New Market St., Suite 168
Carmel, IN  46032
(317) 743-0614
Fax (317) 743-0615

Page 1 of 14

1. This action is brought pursuant to the FLSA, the Indiana Wage Payment Act, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Indiana, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Indiana; a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Indiana, and Defendant conducts substantial business in this District.

## II. PARTIES

### A. Named Plaintiff

4. Plaintiff Beals is an individual, United States citizen and a resident of the State of Indiana, living in the Southern District of Indiana.

5. Plaintiff Beals was employed by Defendant beginning in or around June 2017 and voluntarily resigned her employment on December 7, 2022.

6. Plaintiff Beals was employed as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Indiana Wage Payment Act. Specifically, Plaintiff Beals was employed as an hourly occupational therapist, and Plaintiff Beals provided home health therapy services to Defendant's clients. During his employment, Plaintiff Beal worked at least forty (40) or more hours in given workweeks.

7. Named Plaintiff brings this action on behalf of herself and those similarly situated

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN  46032
(317) 743-0614
Fax (317) 743-0615

Page **2** of **14**

(as defined herein) and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA.

### B. Defendant

8. Defendant is a corporation that operates and conducts business activities throughout the United States. Defendant provides home health care, nursing care, physical therapy, occupational therapy, speech therapy, infusion therapy and other home health services in Indiana.

9. At all relevant times, Defendant had employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

10. Defendant's gross annual sales volume has been in excess of $500,000.00 per annum at all times material hereto.

11. At all relevant times, Defendant employed Named Plaintiff and occupational therapists ("OTs"), physical therapists ("PTs"), speech language pathologists ("SLPs"), and registered nurses ("RNs") to provide home health care and therapy services to its clients. These group of employees will be referred to herein as "professional direct care employees."

12. Named Plaintiff brings this action on behalf of himself and on behalf of Defendant's other professional direct care employees.

13. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **3** of **14**

## III. FACTS

14. Named Plaintiff and Defendant's other professional direct care employees are either non-exempt employees or are otherwise not compensated on a salary or fee basis.

15. Named Plaintiff and Defendant's other professional direct care employees were not guaranteed any minimum amount per week. Rather, their compensation was primarily tied to the number of visits they complete.

16. Named Plaintiff was employed by Defendant as an Occupational Therapist from approximately June 2017 to December 5, 2022 to the present in Indiana.

17. Named Plaintiff was hired and employed by Defendant as an Occupational Therapist entitled to overtime pay.

18. In reality, Defendant compensated Named Plaintiff and other professional direct care employees on a hybrid basis. Named Plaintiff's compensation generally included 1) per-visit fees that were determined by the type of visit; 2) hourly payments made for certain tasks, such as meetings and trainings, that were based upon the duration of those tasks; and 3) no pay for work, such as making calls, traveling, charting, etc., performed outside of time spent in patients' homes.

19. Regarding per-visit flat fees, Defendant paid Named Plaintiff and other professional direct care employees, for example, a flat fee for visits to a client's home, although depending on the type of visit. For example, Named Plaintiff was paid a fee of $60 for a Patient Visit and $90 for an Initial Visit. However, the flat fee was subject to increase if Named Plaintiff's visit lasted longer than usual or if her drive time was 40 minutes or more.

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **4** of **14**

20. Regarding hourly payments, Defendant paid Named Plaintiff and other professional direct care employees, for example, on an hourly basis for non-visit time, such as attending meetings or completing required trainings.

21. During relevant times, Named Plaintiff worked in excess of forty (40) hours per week. These work hours included, *inter alia*, time spent: (i) calling clients and scheduling visits, (ii) preparing for visits, (iii) communicating with patients/physicians/case managers, (iv) in clients' houses, (v) traveling between clients, (vi) completing paperwork and charting patient visits and discharges, (vii) in meetings, and (viii) completing required trainings. Much of the time associated with these tasks was not recorded or otherwise visible on the paychecks Defendant issued to Named Plaintiff or other professional direct care employees.

22. Defendant had a policy and/or practice of not paying its professional direct care employees for all time spent completing job activities (i), (ii), (iii), (v), and (vi) above and for time all time spent in between these compensable activities in a continuous workday.

23. Similar to Named Plaintiff, Defendant's other professional direct care employees often worked more than forty (40) hours per week.

24. Defendant did not pay Named Plaintiff and other professional direct care employees one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

25. Defendant's failure to compensate Named Plaintiff and other professional direct care employees, as set forth above, resulted in unpaid overtime.

26. At all times relevant herein, Named Plaintiff and other professional direct care employees were employees as defined in the FLSA, and the Indiana Wage Payment Act.

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN  46032
(317) 743-0614
Fax (317) 743-0615

Page **5** of **14**

27. Defendant is and has been an "employer" as that term is defined by the FLSA and by the Indiana Wage Payment Act.

28. During relevant times, Defendant suffered or permitted Named Plaintiff and the professional direct care employees to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times their regular rate as a result of Defendant's policies or practices described above that affect Named Plaintiff and other professional direct care employees.

29. By failing to pay Named Plaintiff and other professional direct care employees an overtime premium of one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a workweek, as required by law. Defendant has violated the applicable FLSA provisions.

30. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the federal and state wage and hour laws.

31. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein. More specifically, Defendant knew or should have known Named Plaintiff and other professional direct care employees were working in excess of forty (40) hours in a workweek because they assigned the work they performed, tracked their performance of this work, and required them to complete extensive documentation detailing their work when it was completed.

32. Defendant is in possession and control of necessary documents and information

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **6** of **14**

from which Named Plaintiff would be able to calculate damages and/or they otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

33. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following: All current and former Indiana occupational therapists ("OTs"), physical therapists ("PTs"), speech language pathologists ("SLPs"), and registered nurses ("RNs") that were employed by Defendant and who were paid, in part, on a per-visit basis during the three (3) years preceding the filing of the initial Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").

34. Named Plaintiff and FLSA Collective Members were all subject to the same policies or practices described above, including the (1) same material terms and conditions of employment; (2) same or substantially similar job duties; (3) common training; (4) same timekeeping policies, practices, and systems; (5) same policies, practices, and systems concerning work hours and the performance of work; and (6) same policies, practices, and system concerning overtime hours and wages.

35. During some or all of the last three (3) years, Defendant did not compensate Named Plaintiff and the FLSA Collective Members for time spent performing substantial duties for Defendant's benefit.

## V. RULE 23 ALLEGATIONS

36. Named Plaintiff brings her Indiana Wage Payment Act claims pursuant to Fed. R.

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN  46032
(317) 743-0614
Fax (317) 743-0615

Page **7** of **14**

Civ. P. 23 as a class action on behalf of herself and all other members of the following class: All current and or voluntarily terminated Indiana occupational therapists ("OTs"), physical therapists ("PTs"), speech language pathologists ("SLPs"), and registered nurses ("RNs") that were employed by Defendant and who were paid, in part, on a per-visit basis during the two (2) years preceding the filing of the initial Complaint and continuing through the final disposition of this case ("Indiana Rule 23 Class," "Rule 23 Class," or "Indiana Rule 23 Class Members").

37. The Indiana Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable. Upon information and belief, the Indiana Rule 23 Class is composed of over 100 putative class members.

38. Named Plaintiff is a member of the Indiana Rule 23 Class, and her claim for unpaid wages is typical of the claims of other members of the Rule 23 Class.

39. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

40. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

41. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Indiana Rule 23 Class.

42. Questions of law and fact are common to the Indiana Rule 23 Class.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

*THE LAW OFFICE OF ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **8** of **14**

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2), as Defendant acted or refused to act on grounds generally applicable to the Indiana Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Indiana Rule 23 Class as a whole.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), as the questions of law and facts common to the Indiana Rule 23 Class predominate over questions affecting individual members of the Indiana Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

46. Questions of law and fact that are common to the Indiana Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Indiana Wage Payment Act by failing to pay the Indiana Rule 23 Class for hours worked in excess of forty (40) hours per workweek because of the policies and/or practices described herein; (b) whether Defendant's violations of the Indiana Wage Payment Act were knowing, willful and/or in bad faith; (c) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff and other members of the Indiana Rule 23 Class on account of Defendant's violations of the Indiana Wage Payment Act, and; (d) what amount of prejudgment interest is due to the members of the Indiana Rule 23 Class as a result of the violations of the Indiana Wage Payment Act by the Defendant.

47. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Indiana litigation on behalf of the Indiana Rule 23 Class, as defined herein, or on

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN  46032
(317) 743-0614
Fax (317) 743-0615

Page **9** of **14**

behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated, for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

*FIRST CAUSE OF ACTION:*
*FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME*

48. All of the preceding paragraphs are realleged as if fully rewritten herein.

49. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

50. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

51. During the three (3) years preceding the filing of the initial Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

52. Named Plaintiff and the FLSA Collective Members were paid in part on a per-visit basis and in part on an hourly basis and worked in non-exempt positions.

53. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks or would have worked in excess of forty (40) hours in workweeks if all of their compensable time worked was recorded and compensated.

54. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to pay overtime for all hours worked over forty (40) hours in a workweek, as more fully described herein.

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **10** of 14

55. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

56. Named Plaintiff and the FLSA Collective Members were not paid on a salary or fees basis. Moreover, Named Plaintiff and the FLSA Collective Members were not guaranteed a minimum weekly payment.

57. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

58. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not otherwise kept by Defendant.

59. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
*RULE 23 CLASS ACTION FOR UNPAID WAGES*

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. This claim is brought under Indiana Law.

62. Named Plaintiff and the Indiana Rule 23 Class Members have been employed

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN  46032
(317) 743-0614
Fax (317) 743-0615

Page **11** of **14**

by Defendant, and Defendant is an employer covered by the wage payment requirements under the Indiana Wage Payment Act.

63. The Indiana Wage Payment Act requires employers to pay their employees at least semi-monthly or biweekly the "amount due" the employee.

64. Named Plaintiff and the Indiana Rule 23 Class Members were not and have not been paid all amounts due under federal law.

65. Defendant's policies and/or practices of not paying its direct professional care employees for all hours worked over forty (40) hours in a workweek as more fully described herein resulted in unpaid overtime. These unpaid overtime wages are "amounts due" to Named Plaintiff and Indiana Rule 23 Class members.

66. Named Plaintiff and the Indiana Rule 23 Class Members were not exempt from the wage protections of the Indiana Wage Payment Act.

67. Defendant's repeated and knowing failures to pay wages to Named Plaintiff and the Indiana Rule 23 Class members were violations of the Indiana Wage Payment Act, and as such, Defendant acted in bad faith and failed to pay the compensation to which Named Plaintiff and the Indiana Rule 23 Class Members were entitled.

68. For Defendant's violations of the Indiana Wage Payment Act by which Named Plaintiff and the Indiana Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Rule 23 Class Members.

**VII. PRAYER FOR RELIEF**

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **12** of **14**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under the Indiana Wage Payment Act;

D. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the FLSA;

E. Awarding to Named Plaintiff and the Indiana Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the Indiana Wage Payment Act;

F. Awarding judgment against Defendant for liquidated damages which are owed to Named Plaintiff and the Indiana Rule 23 Class pursuant to the Indiana Wage Payment Act, during the applicable statutory period;

G. Awarding Named Plaintiff, the FLSA Collective Members, and the Indiana Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Named Plaintiff, the FLSA Collective Members, and the Indiana Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendant from engaging in present, ongoing, and future violations of the FLSA and the Indiana Wage Payment Act;

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN  46032
(317) 743-0614
Fax (317) 743-0615

Page **13** of **14**

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

K. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

L. An Order directing Defendant to pay reasonable attorney's fees and all costs connected with this action; and

M. Such other and further relief as this Court may deem necessary, just, and proper.

THE LAW OFFICE OF ROBERT J. HUNT, LLC

By: /s/Robert F. Hunt
Robert F. Hunt, Attorney No. 7889-84
rfh@indianwagelaw.com

By: /s/Robert J. Hunt
Robert J. Hunt, Attorney No. 30686-49
rob@indianawagelaw.com

ATTORNEYS FOR PLAINTIFF

1905 South New Market Street, Suite 168
Carmel, IN 46032
(317) 743-0614
(317) 743-0615

*THE LAW OFFICE OF*
*ROBERT J. HUNT, LLC*
1905 South New Market St., Suite 168
Carmel, IN 46032
(317) 743-0614
Fax (317) 743-0615

Page **14** of **14**