# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **LISA ANN BEALS, on behalf of herself and others similarly situated**, <br><br> Plaintiff, <br><br> v. <br><br> **FRANCISCAN VNS HOME CARE, INC.,** <br> Defendant. | Class Action Complaint <br><br> Cause No. 1:23-CV-00137-MPB-MG <br><br> FLSA Collective Action Complaint Under 29 U.S.C. § 216(b) |

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND ENTERING FINAL JUDGMENT

On December 12, 2024, a hearing was held on Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Unopposed Memorandum of Law in Support of Motion for Final Approval of Class Counsel's Attorney's Fees and Class Representative Payments seeking final approval of the Parties' class settlement.

The parties have submitted their Settlement Agreement ("Settlement") (ECF No. 78-1), which this Court preliminarily approved by its July 24, 2024 order (ECF No. 79) ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the Settlement.

Having received and considered the Settlement, the supporting papers filed by the plaintiff Lisa Ann Beals, and the evidence and argument received by the Court before it entered the Preliminary Approval Order, in connection with Plaintiff's Unopposed Motion for Final Approval of Class Settlement, and at the final approval hearing on December 12, 2024, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as

follows:

1.     A class of persons meeting the following definition is hereby finally approved and certified solely for the purpose of entering a settlement a final judgment in this matter:

> **Present and former Occupational Therapists, Physical Therapists, and Registered Nurses who were paid on a pay-per-visit model for providing home health services for Franciscan VNS Home Care, Inc. at any time from August 20, 2020, to the date the Court granted preliminary approval of the Settlement.**

The Class includes 43 individuals who previously filed Consent to Become Party Plaintiff forms with the Court after the Court entered an Order Granting Joint Stipulation conditionally certifying a stipulated FLSA collective action class. (Doc. 35.)

2.     In its Preliminary Approval Order, the Court previously appointed plaintiff Lisa Ann Beals ("Plaintiff") as the Class Representative and appointed Robert J. Hunt and Robert F. Hunt of The Law Office of Robert J. Hunt as Class Counsel. (ECF No. 79.)

3.     Pursuant to the Preliminary Approval Order, a Notice of Proposed Class Action Settlement and Final Approval Hearing (the "Class Notice") was sent to each Class Member by first-class U.S. Mail. (ECF No. 78-1; ECF No. 79). The Court subsequently approved distribution of a Corrected Class Notice, correcting a typographical error in the original Class Notice, which was sent to each Class Member by first-class U.S. Mail. (ECF No. 80-1; ECF No. 81.) The operative Corrected Class Notice informed Class Members of the terms of the Settlement, their rights under the Settlement, their right to object to the Settlement, their right to receive a Settlement Share, their right to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding final approval of the Settlement. Adequate periods of time were provided by each of these procedures.

4.     The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds

and determines that the notice provided in this case was the best notice practicable, which satisfies the requirements of law and due process.

5. No Class Member has objected to the Settlement. Only one Class Member has excluded herself from the Settlement.

6. The Court finds and determines that the terms of the Settlement, including the method of determining the Settlement Shares to the Class Members, are fair, reasonable, and adequate to each Class Member. The Parties dispute the validity of the claims in the action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement to be fair, reasonable, and adequate.

7. The Court further finds and determines that the Class Members who have not opted out will be bound by the Settlement and this Final Approval Order and Judgment, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

8. The Court hereby grants final approval to and orders the payment of the Total Settlement Amount of $3,650,000.00, and the payment of the Settlement Shares to be made to the Class Members participating in and bound by the Settlement out of the Net Settlement Amount in accordance with the Settlement.

9. The Court finds and determines that any and all Class Members who cash their Settlement Share checks will be deemed to have consented to join the collective action pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and to have released any and all claims under the FLSA, the Indiana Wage Payment Statute ("IWPS"), and other state and local laws within the scope of the release set forth in section III.F.2 of the Settlement. However, a Collective Member who already consented to join the collective action pursuant to section 16(b) of the FLSA and thus is already a party to the Action will be deemed to have released any and all claims under the FLSA even if the Collective Member does not cash his or her Settlement Share check. As for the other Class Members who are not also Collective

Members, even if such Class Member does not cash his or her Settlement Share check, he or she will be bound by the Settlement and be deemed to have released all claims to the maximum extent permitted by law, including but not limited to all claims under the IWPS and other state and local laws within the scope of the release set forth in section III.F.2 of the Settlement, unless he or she timely submitted a valid Election Not to Participate in Settlement.

10. Settlement Share checks will expire and become non-negotiable after 180 days of mailing by the Settlement Administrator.

11. The Court finds and determines that the fees and expenses incurred by Analytics Consulting, LLC in administering the Settlement, in the amount of $9,151.00, are fair and reasonable. The Court hereby issues final approval to and orders that the payment of approximately that amount be paid out of the Total Settlement Amount in accordance with the Settlement.

12. In addition to any recovery that Plaintiff may receive from the Net Settlement Amount, and in recognition of the Plaintiff's efforts in prosecuting this matter on behalf of the Settlement Class, the Court hereby approves the payment of an incentive award to named Plaintiff Lisa Ann Beals in the amount of $20,000.00. This shall be paid from the Total Settlement Amount.

13. Pursuant to the authorities and argument presented to the Court, the Court approves the payment of attorneys' fees to Class Counsel in the sum of $1,216,66.67, plus $0.00 in costs and expenses. This shall be paid from the Total Settlement Amount.

14. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

15. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to counsel for the parties.

Class Counsel, in turn, will file a notice with the Court confirming completion of the administration of the Settlement.

16.     By operation of the entry of this Final Approval Order and pursuant to the terms of the Settlement, Plaintiff and all Class Members participating in and bound by the Settlement release and forever discharge the Released Parties from any and all past, present, or future claims, demands, disputes, allegations, rules or regulations, actions, proceedings, suits, debts, accounts, contracts, agreements, controversies, judgments, obligations, damages, liabilities, and any other causes of action of whatever nature, whether known or unknown, which the Class Member had, now has, or hereafter may have, or claim to have, against any of the Released Parties by reason of any act, transaction, practice, conduct, or omission arising out of, or related to, or based upon, in whole or in part, the allegations in the Action or the manner in which they were paid as home health employees at any time during the Covered Period.

17.     This Final Approval Order and the Settlement do not constitute a concession and shall not be used as an admission by Defendant of unlawful activity, wrongdoing, liability, or damage, or an admission by Plaintiff that any of her claims were non-meritorious or any defense asserted by Defendant was meritorious. Neither this Final Approval Order nor the Settlement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendant or any of the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendant or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against Franciscan or any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

18. The parties are hereby ordered to comply with the terms of the Settlement.

19. The parties shall bear his, her, its or their own respective attorneys' fees and costs except as otherwise provided in the Settlement.

The Court enters final judgment in the Action in accordance with the Settlement and this Order, subject to the Court's retention of continuing jurisdiction over the Action and the Settlement including, without affecting the finality of this order in any way, jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement and all post-Judgment matters as may be appropriate under court rules or applicable law.

**IT IS SO ORDERED.**

This 13th day of December, 2024.

_____
Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution List:
To all registered counsel electronically via CM/ECF distribution.